## Wallace v. German-American Insurance Company.

*(Circuit Court, D. Iowa.  May, 1880.)*

Insurance, Fire—Conditions in Policy Construed—Pleading.

Demurrer to amended replication.

McCrary, C. J., *(orally.)*  This is an action upon a policy of insurance issued by the defendant, to insure the plaintiff against loss by fire upon a certain building, therein described.

The policy contains numerous conditions, among which is one (numbered 9) from which I quote, as follows: "In case differences shall arise touching any loss or damage, after proof thereof has been received in due form, the matter shall, at the written request of either party, be submitted to impartial arbitrators, whose award in writing shall be binding on the parties as to amount of such loss or damage, but shall not decide the liability of the company under this policy."

The eleventh condition provides as follows: "It is furthermore hereby provided and mutually agreed that no suit or action against this company for the recovery of any claim by virtue of this policy shall be sustainable in any court of law or chancery until after an award shall have been obtained fixing the amount of such claim in the manner above provided."

The amended replication avers that defendant, prior to the commencement of this action, refused to submit to an impartial arbitration any differences touching the loss or damage sustained by plaintiff for which this action is brought. To this amended replication defendant demurs, for the reasons— *First*, that it is not shown that any demand in writing was ever made by plaintiff for the arbitration required by the conditions of the policy of insurance; *secondly*, because the defendant was not required by the terms of said policy to make its election to submit matters of difference to arbitration until after a demand therefor had been made in writing by plaintiff.

It will be seen that the policy of insurance sued on provides for an arbitration to determine the amount of loss in case differences arise touching the same after proof thereof, and "upon the written request of the other party." In a subsequent condition it is further provided that no suit shall be sustainable until after an award shall have been obtained in the manner above provided. The two provisions of the policy must be construed together, and thus construed we hold them to mean that the defence that plaintiff has failed or refused to arbitrate cannot be made in a case where neither party has made a written request for such arbitration. Neither party is bound to request an arbitration. The most that can be claimed is that either party is bound to arbitrate upon the written request of the other; but whether a refusal to arbitrate would, in any case, defeat the right of action, is a question not now decided. Certain it is that, where neither party has made a written request for arbitration, the clauses of the policy referring to that subject cannot be pleaded or relied upon as a defence.

The eleventh condition of the policy, which provides that

no action to recover loss shall be sustainable "until after an award shall have been obtained fixing the amount of such claim in the manner above provided," must be held to apply only to a case where the written request for arbitration has been made, as provided for in the preceding ninth condition.

The pleadings in this case would indicate that counsel on both sides are proceeding upon the theory that the defence of a failure to arbitrate may be set up without a showing that there was a written request made in pursuance of the policy for such arbitration. In this they are clearly in error. The question of arbitration cannot figure at all in the case until a written request is alleged. Nor does it make any difference that one or the other party may have refused to arbitrate upon a verbal request to do so, or may have refused to make the request in writing.

The demurrer to the amended replication is sustained.